109 So.2d 173 (1959)
Richard E. SCHWERTFEGER and Viola Schwertfeger, his wife, Appellant,
v.
Harold E. CONSTANT, and Esther H. Constant, his wife, Appellees.
No. 975.
District Court of Appeal of Florida. Second District.
February 20, 1959.
*174 Paty, Downey & Daves, West Palm Beach, for appellants.
Blakeslee, Herring & Bie, West Palm Beach, for appellees.
ALLEN, Judge.
This case comes before this court on a motion to dismiss the appeal for failure to file the appeal from the final judgment within 60 days.
The following order was entered in the lower court:
"This cause coming before the Court on Motion of the defendants to Dismiss the amended complaint herein, and it appearing to the Court that there is an allegation to the effect that the defendants were advised by the State Board of Health that the pool in question was not built pursuant to public health specifications. If the defendants were in possession of `advice from the State Board of Health,' they were duty-bound to pass the same on to the purchasers, if it were not equally available to said purchasers. It does not appear from the allegations that such were the facts. This case is a border line case in that there is no doubt of deception, artifice, or misconduct on the part of the defendant sellers, nevertheless the means of knowledge of the secrets which the defendants harbored was equally available to the plaintiffs for aught that appears in said amended complaint. It is thereupon
"Ordered that said amended complaint is hereby dismissed with prejudice at the cost of the plaintiffs.
"Copy furnished counsel.
"Done and ordered this September 11, 1958.
"R.O. Morrow, Circuit Judge."
The 22nd of September, 1958, the plaintiff filed the following motion:
"Come now the Plaintiffs in the above styled cause by their undersigned attorneys, and in view of the Court's Order of September 11, 1958, dismissing the Amended Complaint with prejudice, move the Court to enter a final judgment in this cause for the Defendants."
On the same date, September 22, 1958, the following order was entered by another circuit judge:
"This cause came on before the Court on Motion by the Defendants for entry of a final judgment, and it appearing to the Court that an Order has heretofore been entered on September 11, 1958, dismissing the amended complaint with prejudice, and the Court being fully advised in the premises, it is, thereupon,
"Ordered and adjudged that the Plaintiffs, Richard E. Schwertfeger and Viola Schwertfeger, his wife, take *175 nothing by their suit, and that the Defendants go hence without day.
"Done and ordered at West Palm Beach, Florida, this 22nd day of September, 1958."
The plaintiffs, on the 18th day of November, 1958, filed their notice of appeal to review the order bearing date the 22nd day of September.
A motion was filed by the appellees to dismiss the appeal. It will be observed that the appeal was taken within 60 days from the order dated the 22nd day of September, but not within 60 days from the order entered the 11th of September, 1958. If the order entered September 11, 1958, is a final judgment, then the appeal was taken too late and would have to be dismissed. If it was an interlocutory order and the final judgment was entered on the 22nd day of September, then the appeal was taken within the time and should not be dismissed.
The question arises quite often as to whether a decree or order is final or interlocutory, The appellants argue that the order of September 11th was not final as it was no adjudication that "the plaintiff shall take nothing by his complaint, and that the defendant go hence without day," and cite the case of Catchings v. Florida-McCracken Concrete Pipe Co., 1931, 101 Fla. 792, 135 So. 561, as supporting their contention. They also note that this court, in Baker v. Colley, Fla.App. 1958, 104 So.2d 473, reaffirmed the holding of the Catchings case, supra.
A review of these two cases will show that neither is on point in this case. The Court, in Catchings v. Florida-McCracken Concrete Pipe Co., supra, held:
"An entry that `judgment is hereby rendered herein for the defendant,' is not the equivalent of an entry that the plaintiff `take nothing by his suit, and that the defendant go hence without day,' of (sic) words of like legal import, and the entry first above quoted is not such a final judgment as will support a writ of error."
In Baker v. Colley, supra, this Court held that an order "that said Motion to Dismiss and said Motion to Strike be, and the same are hereby granted," was not a final judgment but an interlocutory order, and we dismissed the appeal for that reason.
In Weinmann v. Ligon, Fla.App. 1958, 105 So.2d 204, we dismissed an appeal where an order had been entered simply granting a motion to dismiss an amended complaint. If the order had provided that the motion to dismiss the amended complaint be granted and the complaint or cause be dismissed, it would have been a final judgment, as nothing more remained to be done in the case.
In the order dismissing Weinmann v. Ligon, supra, we cited the case of Renard v. Kirkeby Hotels, Inc., Fla.App. 1958, 99 So.2d 719, in which case, at page 721, appears the following:
"The rule set out herein, followed by the Supreme Court of Florida seems to be substantially in accord with Federal decisions which have held that an order granting a motion to dismiss a complaint, but not actually dismissing it, is not a final decision within the meaning of 28 U.S.C.A. § 1291, and therefore is not appealable. See Turnbull v. Cyr, 9 Cir., 184 F.2d 117 and cases cited therein."
See Capers v. Lee, Fla. 1956, 91 So.2d 337.
In Palm Shores, Inc. v. Nobles, 1941, 149 Fla. 103, 5 So.2d 52, 53, it was held that an order reciting "that the above entitled cause be, and the same is hereby, dismissed with prejudice to the Plaintiff," was a final judgment, the Court saying:
"The order dismissing the cause with prejudice, however, constitutes a final judgment because it forever *176 disposes of the issues sought to be presented adversely to the plaintiff."
We are of the opinion that the order dated September 11, 1958, was a final judgment and since the appeal was not taken within 60 days from the date of recording thereof, the same must be and is dismissed.
KANNER, C.J., and SHANNON, J., concur.