194 So.2d 298 (1967)
Ross RAPHAEL and Lillian H. Raphael, His Wife, Appellants,
v.
Stephen CARNER, Appellee.
No. 289.
District Court of Appeal of Florida. Fourth District.
January 17, 1967.
*299 William A. Jacob, of the Law Office of J. Russell Hornsby, Orlando, for appellants.
Eli H. Subin, of Roth, Segal & Levine, and Marvin Newman, Orlando, for appellee.
PER CURIAM.
Plaintiffs appeal an order granting with prejudice defendant's motion to dismiss their fifth amended complaint at law. They seek review of that order. They also seek review of a prior order dismissing count one of their third amended complaint. Questions of jurisdiction concerning both orders have been raised by this court.
Plaintiffs' third amended complaint at law contained two counts, one in fraud and deceit, the other for breach of contract. Long before the entry of the present appeal the trial court dismissed count one with prejudice. Plaintiffs took no appeal from that order. They further amended count two and then appealed a subsequent order which granted with prejudice defendant's motion to dismiss their fifth amended complaint.
The prior order dismissing count one first recites a finding that the third amended complaint does not state a cause of action. It then continues with the following formal adjudication:
"ORDERED AND ADJUDGED
"1. That Defendant's Motion to Dismiss and Motion to Strike the Third Amended *300 Complaint are hereby granted. Count One is dismissed with prejudice. Count Two is dismissed but subject to the right of the Plaintiffs to amend said count of [sic] they so desire within twenty (20) days from the date of this hearing.
"* * *."
An order which dismisses an entire cause or complaint at law with prejudice is final and reviewable by appeal. Palm Shores, Inc. v. Nobles, 1941, 149 Fla. 103, 5 So.2d 52; Schwertfeger v. Constant, Fla.App. 1959, 109 So.2d 173. However, an order at law which dismisses less than all counts is interlocutory. Although final in form, such an order can be reviewed only on appeal from a subsequent judgment or order finally adjudicating the entire cause or complaint. Goldfarb v. Bronston, 1944, 154 Fla. 180, 17 So.2d 300; Morse v. Hendry Corporation, Fla.App. 1965, 177 So.2d 31. Further, an order which dismisses a complaint but also grants leave to amend is interlocutory. Although final in form, such an order can be reviewed only on appeal from a formal judgment entered after the time for amendment has expired. Hancock v. Piper, Fla. 1966, 186 So.2d 489 (disapproving the contrary view previously expressed in the majority opinion in Womack v. Goldberg, Fla.App. 1960, 117 So.2d 758).
It thus appears that the prior order was not final and appealable when entered for two reasons: (1) it dismissed less than all counts; (2) it granted leave to amend. Since the order was interlocutory and since it has been duly assigned as error, it is subject to review on this appeal, if the order appealed constitutes a final judgment. F.A.R. 3.2(d), 31 F.S.A.
The order appealed first recites a finding that the fifth amended complaint fails to state a cause of action. It then continues with the following formal adjudication:
"CONSIDERED, ORDERED and ADJUDGED that the Motion of the Defendant, Stephen Carner, to dismiss the Fifth Amended Complaint be, and the same is hereby granted with prejudice.
"* * *."
An order which merely grants a motion to dismiss a complaint is interlocutory. Altiere v. Atlantic National Bank of West Palm Beach, Fla.App. 1963, 155 So.2d 386. Adding the words "with prejudice" to such an order (merely granting a motion to dismiss) does not make such an order final. Thatcher v. Sullivan, Fla.App. 1962, 138 So.2d 532. To constitute a final appealable judgment the order must go further and dismiss the cause or complaint. Shotkin v. Deehl, Fla.App. 1963, 148 So.2d 538; Schwertfeger v. Constant, Fla.App. 1959, 109 So.2d 173.
It thus appears that the order appealed is interlocutory because it merely grants with prejudice a motion to dismiss and does not go further and dismiss the cause or complaint. Since the order dismisses neither the complaint nor the cause, we need not determine whether an order must dismiss the cause as well as the complaint in order to be final.[1]
An order will be entered dismissing the appeal without prejudice to the right of the appellants to institute another appeal upon the entry of a final judgment in the cause.
WALDEN, C.J., ANDREWS, J., and ELMORE, FRANK H., Associate Judge, concur.
NOTES
[1] Cicero v. Paradis, Fla.App. 1964, 167 So.2d 247, seems to indicate that an order must dismiss the cause, as well as the complaint, in order to be final. See also Washington Security Co. v. Tracy's Plumbing & Pumps, Inc., Fla.App. 1964, 166 So.2d 680. Other cases indicate that a dismissal of the complaint is sufficient to make the order final. See e.g., Schwertfeger v. Constant, supra. Form and content are equally important in determining whether orders are final or interlocutory. Nowlin v. Pickren, Fla.App. 1961, 131 So.2d 894.