198 So.2d 658 (1967)
Byron DUNCAN, Appellant,
v.
Jesse PULLUM and Hoyt Pope, Appellees.
No. 7315.
District Court of Appeal of Florida. Second District.
May 5, 1967.
*659 Claude M. Harden, Jr., of Surles & Harden, Lakeland, for appellant.
Robert E. Austin, Jr., of Warren, Warren & Austin and John F. Cherry, Leesburg, for appellees.
ALLEN, Chief Judge.
Plaintiffs, appellees here, were seeking to recover under a purported Indemnity Agreement, signed by the defendant, appellant here, in connection with the sale by defendant of stock purchased by plaintiffs.
*660 Defendant filed a motion to dismiss, supported by affidavit, alleging that venue of the case was improper in that defendant is a resident of Polk County, not Lake County where the action was filed, and that demand was made upon the defendant in Polk County, for compliance with the terms of the agreement.
The agreement listed purportedly all of the outstanding liabilities of the corporation and was for the purpose of indemnifying plaintiff for any accounts of the corporation not listed in the Indemnity Agreement.
Accounts of the corporation totalling $12,622.16 were subsequently discovered and demand was made upon defendant for payment of this account. Defendant refused to pay because he had been told that current accounts payable were not to be included in the Agreement, but were to be paid out of current accounts receivable.
Defendant's motion to dismiss the complaint for want of proper venue was denied by order dated March 17, 1964. Subsequently, by order dated August 18, 1966, the trial judge (1) struck defendant's counterclaim alleging fraud with prejudice; (2) struck portions of defendant's amended answer; and (3) struck at least one affirmative defense. This order was appealed by defendant September 1, 1966.
We will deal first with the problem of the appealability of an order which struck portions of appellant-defendant's amended answer, affirmative defenses and which struck appellant-defendant's counterclaim. Discussion will also raise the reviewability of an order, made approximately two years before appeal, denying defendant's motion to dismiss plaintiff's complaint for want of proper venue.
It is quite clear that appeals can only be taken from final judgments, Huie v. State, Fla. 1957, 92 So.2d 264, and that the rules provide review of non-final orders by interlocutory appeal and certiorari. Rules 4.2 and 4.5, Fla.App.Rules, 31 F.S.A.
In a recent case dealing with this subject, Smith v. State, Fla.App. 1966, 187 So.2d 61, we quoted from Girten v. Bouvier, Fla.App. 1963, 155 So.2d 745:
"Review other than by appeal from a final judgment is limited. In an action at law, interlocutory appeal is permitted only from specifically categorized orders. Rule 4.2, Florida Appellate Rules, 31 F.S.A. Other than this, appeal must be from a final judgment. Common-law certiorari, a discretionary writ, ordinarily will not be issued by an appellate court to review interlocutory orders in a suit at law, since such errors as are made in it may be corrected on appeal. Only in exceptional cases, such as those where the lower court acts without or in excess of jurisdiction, or where the interlocutory order does not conform to the essential requirements of law and may reasonably cause material injury throughout the subsequent proceedings for which the remedy by appeal will be inadequate, will the appellate court exercise its discretionary power to issue the writ. [Citations omitted.] Where the remedy of appeal exists, this right ordinarily serves as a sufficient impediment to the obtaining of review by certiorari, although it may not be as convenient. [Citations omitted.]"
Our first problem is to categorize the portions of the order appealed. The order struck appellant-defendant's counterclaim with prejudice and also struck portions of his amended answer and affirmative defenses. The action began in equity but was transferred upon the motion to dismiss to the law side. Rule 4.2, Fla.App. Rules, dictates that interlocutory appeals in actions at law can only be from orders relating to venue or jurisdiction over the person. The order did not relate to venue or jurisdiction and therefore cannot be reviewed by interlocutory appeal.
The portion of the order which struck appellant-defendant's counterclaim with prejudice was final and appealable. *661 Cf: Schwertfeger v. Constant, Fla.App. 1959, 109 So.2d 173; Leeward & Hart Aeronautical Corp. v. South Central Airlines, Fla.App. 1966, 184 So.2d 454; and Hillsboro Plantation v. Plunkett, Fla. 1951, 55 So.2d 534. The general rule is that a judgment, order or decree to be appealable as final must dispose of all the issues or causes in the case; but the rule is relaxed where the judgment, order or decree adjudicates a distinct and severable cause of action. 4 C.J.S. Appeal and Error § 95 (1957). This instant order terminated a separate cause of action, but arising out of the same subject matter, which defendant thought he had against plaintiff. Since this order was appealable, the motion filed by appellee seeking to quash the appeal was properly denied.
The remaining, but crucial, question is whether we can review upon the above final order entered on defendant's counterclaim all other proceedings arising out of plaintiff-appellee's complaint. Justice Thornal, in Auto Owners Ins. Co. v. Hillsborough County Aviation Authority, Fla. 1963, 153 So.2d 722, defined orders reviewable entered before a final judgment. He stated:
"Appellee Snyder raises a jurisdictional question to the effect that inasmuch as the summary judgment itself did not contain a finding regarding the invalidity of the statute, this appeal should be heard by the District Court, instead of the Supreme Court. The contention overlooks the fact that by the interlocutory order the trial judge explicitly held the statute to be unconstitutional. This interlocutory order is a part of the record for review on appeal and becomes an aspect of our appellate consideration of the final judgment and the interlocutory orders which produced it. Rule 4.2, Florida Appellate Rules, 31 F.S.A. The appeal from the final judgment brings up for review all interlocutory orders entered as a necessary step in the proceeding. Huie v. State, Fla., 92 So.2d 264. To this extent the order of the trial judge on the invalidity of the statute was final in the sense that it would be subject to review here as an aspect of the final adjudication of the cause. Cf. Davis et al. v. State, Fla., 146 So.2d 892." (Emphasis added.)
See also Huie v. State, supra.
Upon application of Justice Thornal's definition to the instant facts we find that we can only review interlocutory orders raised as error if they "produced" or "were entered as a necessary step" or "as an aspect of the final adjudication appealed."
The orders which struck portions of defendant's affirmative defenses and answer were not a "necessary step" or an "aspect" of the final order dismissing its counterclaim with prejudice.
The argument in the brief relating to venue arising by way of an order entered in 1964 may be an "aspect" of the final decree appealed but certainly did not produce or necessitate it. We cannot say that a reversal on the question of venue would in any way effect the disposition of the counterclaim. See, however, In Re Boeving's Estate, 388 S.W.2d 40 (Mo. App. 1965); Greene v. Superior Court, 55 Cal.2d 403, 10 Cal. Rptr. 817, 359 P.2d 249 (1961); Maley v. Citizens Nat. Bank of Evansville, 120 Ind. App. 642, 92 N.E.2d 727 (1950); Cugini v. Apex Mercury Mining Co., 24 Wash.2d 401, 165 P.2d 82 (1946); Ralston v. Ralston, 166 S.W.2d 235 (Mo. App. 1942); Heckler Co. v. Incorporated Village of Napoleon, 56 Ohio App. 110, 10 N.E.2d 32 (1937); 92 C.J.S. Venue §§ 201, 207 (1955); 56 Am.Jur., Venue § 78 (1945); where a trial court grants a change of venue or an appellate court reverses an order denying a change of venue, the effect the removal of the cause to a different place of venue can have upon subsequent orders entered prior to removal in the cause.
Besides Justice Thornal's reasoning in Auto Owners Ins. Co., supra, it would seem that the appealability of the order denying with prejudice defendant's counterclaim would have to be on the rationale that *662 it is a separate and distinct cause of action. If this final order is separate and therefore appealable, then the orders defendant seeks our review of, which are related directly to appellee-plaintiff's cause of action, cannot be pulled into our consideration by the order dismissing the counterclaim. The counterclaim filed by defendant is based on fraud and is a separate and distinct cause of action from the complaint filed by plaintiff which sought to enforce an indemnity agreement.
Our declination to review these orders is without prejudice to the time if and when appellant perfects an appeal from the final disposition of the complaint.
Turning to the merits, the sole question is whether the lower court erred in dismissing and striking appellant-defendant's pleading styled counterclaim and complaint based upon fraud and misrepresentation.
The counterclaim attempted to allege a cause of action in fraud by making various allegations and concluding that suit upon the indemnity agreement caused him to hire attorneys to defend it and contract to pay them a reasonable fee. The pleading ended with a prayer for rescission and other necessary relief.
In order to obtain rescission on the basis of fraud, damage must be alleged. Stephens v. Coon, 1937, 130 Fla. 42, 177 So. 191; 23 Am.Jur., Fraud and Deceit § 173 (1939). The damage alleged is appellant's contract to pay attorneys' fees caused by defense of the suit. Attorneys' fees and expenses of litigation are not a proper element of damage in this cause because the right to recover them must be provided for by statute or contract. Codomo v. Emanuel, Fla. 1956, 91 So.2d 653; 9 Fla.Jur., Damages § 77 (1956); 14 Fla.Jur., Fraud & Deceit § 41 (1957). Actionable damage that appellant might suffer is the amount he will be liable for if the indemnity agreement is found to be valid and enforceable. Appellant has not yet been damaged and, if he successfully defends the suit upon the complaint, will never be damaged.
The counterclaim was properly stricken and dismissed because appellant alleged no actionable damage.
Affirmed.
SHANNON, J., and LENFESTEY, JAMES A., Associate Judge, concur.