LILES, Judge.
Johnnie Lee Shanks, a minor pedestrian, was struck and killed by an automobile owned and driven by Nelson Frank Brothers, an uninsured motorist. The deceased minor was survived by his mother, appellant here, who at the time of the accident had a policy of insurance with Allstate Insurance Company which included uninsured motorist coverage.
Under the terms of the uninsured motorist coverage and following arbitration, an order was entered on April 21, 1967, compelling Allstate Insurance Company to pay the mother of Johnnie Lee Shanks the sum of $6,500 which Allstate paid in full. On August 9, 1967, Allstate caused to be filed a suit in the name of Patricia Ann Shanks, individually, and for the use and benefit of Allstate Insurance Company against the defendant, Nelson Frank *502 Brothers. This suit was subsequently dismissed by voluntary dismissal on the part of Mrs. Shanks. A new complaint was filed on September 19,. 1968, and was attacked by the defendant on the grounds that the two year statute of limitations covering death actions had run. This appeal ensued.
Appellant maintains that the court erred in dismissing the last complaint in that it was error to apply the two year statute of limitations governing wrongful death actions rather than applying the three year statute of limitations controlling rights arising under Section 627.0851, Fla.Stat., F.S.A. Section 95.11(5) (a), Fla.Stat., F.S.A., allows three years for an action to be brought upon a liability created by statute. Section 95.11(6), Fla. Stat, F.S.A., provides two years for bringing a wrongful death action. We believe the court erred in applying Section 95.11 (6), Fla.Stat., F.S.A., and we reverse.
Section 627.0851(4), Fla.Stat., F.S.A., provides:
“In the event of payment to any person under the coverage required by this section and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights or recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made * *
The statute quoted above creates an indemnification right brought about by that particular statute and since the right of indemnification did not arise until Allstate paid Mrs. Shanks her award, the statute of limitations did not begin to run until then. At that point Allstate had three years pursuant to Section 95.11(5) (a), Fla.Stat., F.S.A., in which to bring its action. Therefore, to apply the wrongful death statute of limitations was error.
For these reasons we reverse and remand for proceedings consistent with this opinion.
HOBSON, C. J., and McNULTY, J., concur.