320 So.2d 475 (1975)
Joseph SEGAL, Appellant,
v.
William A. GARRIGUES, III, Appellee.
No. 74-1682.
District Court of Appeal of Florida, Fourth District.
April 4, 1975.
Lloyd Herold, P.A., North Palm Beach, for appellant.
Larry Klein, of Cone, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.

ON MOTION TO DISMISS APPEAL
Appellant Segal sued appellee Garrigues in three counts. Count I is for slander; count II is for interference with contractual rights in the operation of appellant's business; count IV is for conspiracy to destroy appellant's business and good will; count III has been abandoned. Upon motion to dismiss, the trial court granted the motion as to count I "with prejudice" and as to counts II and IV "with leave to amend." Appellee has moved to dismiss appellant's plenary appeal from the dismissal of count I on the ground that said order is not a final appealable order, relying upon the decision of this court in Raphael v. Carner, Fla.App. 1967, 194 So.2d 298.
In the Raphael case this court held that an order granting a motion to dismiss a complaint "with prejudice" is not a final order; that the words "with prejudice" added nothing to the effect of the order. However, in Duncan v. Pullum, Fla.App. 1967, 198 So.2d 658, the Second District Court of Appeal held that striking a counterclaim "with prejudice" was a final appealable order. Only recently in Mendez v. West Flagler Family Association, Inc., Fla. 1974, 303 So.2d 1, the Supreme Court of Florida approved the holding in Duncan v. Pullum, supra, thus for all intents and purposes overruling our holding in Raphael. Accordingly, it appears safe to conclude now that the addition of the words "with prejudice" indicates finality.
Since the order granting the motion to dismiss count I with prejudice is a final order, it is appealable even though other counts of the complaint remain pending if count I is a distinct and separate *476 cause of action which is not interdependent with counts II and IV. Mendez v. West Flagler Family Association, Inc., supra. As previously noted count I attempted to allege a cause of action for slander by virtue of remarks which appellee allegedly publicly made about appellant. Counts II and IV charge appellee with business interference. In our view count I is a distinct and separate cause of action and is not interdependent with the other two counts. Consequently, the order appealed from is a final appealable order within the rule of Mendez v. West Flagler Family Association, Inc., supra.
Accordingly, appellee's motion to dismiss this appeal is denied.
OWEN, C.J., and WALDEN, J., concur.