319 So.2d 181 (1975)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Randall Charles WHEELUS, Individually and As a Former Minor Incompetent, by His Father and Next Friend, Charles Raymond Wheelus, et al., Appellees.
No. 74-919.
District Court of Appeal of Florida, Fourth District.
October 3, 1975.
*182 Paul H. Lee, Jr., of Gurney, Gurney & Handley, P.A., Orlando, for appellant.
Philip H. Blackburn of Billings, Frederick, Wooten & Honeywell, Orlando, for appellees, Randall Charles Wheelus and Charles Raymond Wheelus.
Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for appellees Charles Floyd and Fla. Coca-Cola Bottling Co.
DOWNEY, Judge.
Appellant, Government Employees Insurance Company (GEICO), seeks reversal of a final judgment dismissing with prejudice its complaint seeking to enforce subrogation rights.
The complaint in question alleged, among others, the following things. Several members of the Wheelus family were injured in an accident with an uninsured motorist while they were riding as passengers in an automobile owned by LaPlant, who was insured by appellant GEICO. Appellant, having made uninsured motorist coverage payments to the Wheeluses in 1967, filed a notice of lien in a suit (arising out of the same accident) which the *183 Wheeluses thereafter brought against appellees Florida Coca-Cola Bottling Company and Charles Floyd. That suit was settled and the cause dismissed without payment of appellant's claim. On GEICO's appeal from an order dismissing its notice of lien, this court held that GEICO was not a party to the proceedings, and that its notice of lien was a nullity, but that the affirmance of the dismissal of GEICO's notice of lien was without prejudice to the pursuit of its subrogation rights as provided by law. (Government Employees Insurance Co. v. Wheelus, Fla.App. 1972, 270 So.2d 409.) Thus, appellant brought this suit against the appellees Wheelus, Florida Coca-Cola Bottling Company, and Charles Floyd on January 21, 1974, asserting its subrogation rights to recover what it alleges were uninsured motorist payments it previously made to the Wheeluses.
All the appellees filed motions to dismiss the complaint, alleging that the statute of limitations barred the claim. Appellees Coca-Cola and Floyd also alleged the complaint was defective because the payments appellant had made to the Wheeluses were not for uninsured motorist coverage but rather were for releases of its public liability exposure to the Wheeluses. The trial court entered a final judgment dismissing the cause with prejudice upon the stated ground that "the complaint on its face is in violation of the statute of limitations."
Appellant contends that the statute of limitations had not run because the cause of action did not accrue until the settlement among appellees Wheelus and Coca-Cola and Floyd had been concluded (January 25, 1971); then, argues appellant, the proceeds from which it was entitled to reimbursement came into being. Appellees (relying on Shanks v. Brothers, Fla.App. 1970, 230 So.2d 501) contend the statute of limitations began to run June 8, 1967, the date appellant alleges it made the payments to the Wheeluses. Appellees also contend that the order of dismissal was proper because the payments for which appellant seeks subrogation were not uninsured motorist protection payments.
We note initially that the allegations of appellant's complaint must be regarded as true and the exhibits attached to the complaint must be regarded in the light most favorable to the allegations thereof. So regarded, those allegations lead us to conclude that the trial court should not have dismissed the appellant's complaint. Subsequent proceedings in the circuit court may demonstrate that the payments in question were in satisfaction of GEICO's public liability exposure to the Wheeluses, as appellees contend, in which event GEICO would not be entitled to recover. Alternatively subsequent proceedings may show that the payments were uninsured motorist payments as appellant contends. In that event appellant's claim would have accrued at the time the proceeds of the settlement among the appellees came into being. We would distinguish Shanks v. Brothers, supra, on the basis that the Allstate policy in that case must have contained a provision giving Allstate the right to bring a direct action against the uninsured motorist. Thus the statute of limitations began to run when the uninsured motorist payments were made and the right of action was available to Allstate. Appellant's claim here allegedly arises out of § 627.0851(4), F.S. 1969,[1] and no such direct *184 right of action is contained therein. The subrogation right provided thereby is to the proceeds of any settlement or judgment obtained by the insured. See International Sales-Rentals v. Nearhoof, Fla. 1972, 263 So.2d 569.
With regard to the statute of limitations, it appears to us that the trial court was premature in entertaining the defense of the statute of limitations on appellees' motion to dismiss. Such a defense is an affirmative one (Rule 1.110(d), RCP) and should be set up by answer. In re Estate of Gay, Fla.App. 1974, 294 So.2d 668; Stern v. First National Bank of South Miami, Fla.App. 1973, 275 So.2d 58. This is so because certain factors could toll the running of the statute. See Trawick, Fla.Prac. and Proc., § 11-6, (1974).
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings.
CROSS and OWEN, JJ., concur.
NOTES
[1] It appears that the provisions of § 627.0851 (4), F.S. 1969, are no longer in effect. That subsection was substantially amended in 1971. See Laws of Florida, Chapter 71-355, § 182. A subsequent insubstantial amendment appears to have been rendered ineffective. Compare §§ 20 and 22 of Chapter 71-970, Laws of Florida, with O'Malley v. Florida Insurance Guaranty Ass'n, Fla. 1971, 257 So.2d 9.

Section 627.0851, F.S., was renumbered 627.727, F.S. See table at 18A FSA, p. 498. It thus seems that § 627.0851(4), as amended by Chapter 71-355, is now in the Florida Statutes as § 627.727(4).
Although it appears that § 627.0851(4), F.S. 1969, is now ineffective, that subsection was effective when appellant made the payments for which it seeks subrogation. Hence that subsection is available to appellant as a basis for recovery. See International Sales-Rentals Leasing Co. v. Nearhoof, infra.