388 So.2d 1281 (1980)
GRIES INVESTMENT COMPANY, Appellant,
v.
Robert G. CHELTON, Appellee.
No. 79-2114.
District Court of Appeal of Florida, Third District.
September 30, 1980.
Shapiro & Leder and Paul D. Breitner, Miami, for appellant.
Charles F. Atwood, III, Miami, for appellee.
Before HUBBART, BASKIN and PEARSON, DANIEL, JJ.
DANIEL S. PEARSON, Judge.
Gries Investment Company sued Chelton and Marietta International Corporation. In February 1979, the trial court granted Chelton's motion to dismiss the complaint for its failure to state a cause of action. The court's order further provided:
"... that the Complaint filed by Plaintiff herein be and the same is hereby dismissed, as to the Defendant, Robert G. Chelton, individually."
In August 1979, Gries moved for leave to amend its complaint, and a month later the trial court granted such leave. Chelton moved to dismiss the amended complaint, again taking the position that it failed to state a cause of action against him, and also asserting that the February 1979 unappealed dismissal barred Gries' reaverment of the same action against Chelton. In October 1979, the trial court granted Chelton's *1282 motion to dismiss the amended complaint with prejudice and Gries took this appeal.[1]
Our first concern is our jurisdiction to entertain this appeal. An order granting a motion to dismiss is not final and not appealable.[2]Guth v. Howard, 362 So.2d 725 (Fla. 2d DCA 1978); First National Bank of Searcy, Arkansas v. Collins, 360 So.2d 804 (Fla. 2d DCA 1978); Horton v. Unigard Insurance Company, 355 So.2d 154 (Fla. 4th DCA 1978); Shotkin v. Deehl, 148 So.2d 538 (Fla. 3d DCA 1963); Mitchell v. Italian-American Club, 122 So.2d 228 (Fla. 3d DCA 1960). We reject Gries' contention that the addition of the words "with prejudice" makes the order final. In so doing, we do not overlook Segal v. Garrigues, 320 So.2d 475 (Fla. 4th DCA 1975), which in no uncertain terms states that an order granting a motion to dismiss with prejudice is final for appeal purposes. Segal overruled Raphael v. Carner, 194 So.2d 298 (Fla. 4th DCA 1967), which, in our view, correctly held that an order granting a motion to dismiss a complaint with prejudice is not a final order. But the Segal court reasoned that Duncan v. Pullum, 198 So.2d 658 (Fla. 2d DCA 1967), and the "approval" of Duncan by the Florida Supreme Court in Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974), dictated the overruling of Raphael v. Carner, supra. We disagree. Duncan merely held that an order striking the defendant's counterclaim with prejudice is final and appealable. Duncan v. Pullum, supra, at 660. We agree that an order which strikes the entirety of a claim is the equivalent of an order which dismisses, and either is final. The phrase "with prejudice" in such an order is redundant. Thus, Duncan and Mendez's approval of Duncan, were simply not authority for the overruling of Raphael, since neither Duncan nor Mendez involved an order granting a motion.[3]
Of course, the fact that Segal unjustifiably overruled Raphael does not ipso facto make Raphael the correct rule of law. Our belief that Raphael was correctly decided derives primarily from the long and unsullied line of Florida authorities holding that an order which merely grants a motion for summary judgment and does not enter the judgment itself is not final. See Aetna Casualty & Surety Company v. Meyer, 385 So.2d 10 (Fla. 3d DCA 1980); Donnell v. Industrial Fire and Casualty Company, 378 So.2d 1344 (Fla. 3d DCA 1980), and cases collected therein. Obviously implicit in any order granting a motion for summary judgment is that it is with prejudice. Therefore, insofar as prejudice is concerned, an order granting a motion for summary judgment is indistinguishable from an order granting a motion to dismiss with prejudice-the same prejudice attaches to both. For appeal purposes, a further act of the court-the judgment or the dismissal-is required for finality.
In light of our conclusion that an order granting a motion to dismiss with prejudice is not a final appealable order, we requested that the parties procure the appropriate final order dismissing the amended complaint.[4] This has been done and an *1283 order dismissing the amended complaint has now been filed with this court. Jurisdiction is now vested in us. Williams v. State, 324 So.2d 74 (Fla. 1975); Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980); W.B.D., Inc. v. Howard Johnson Company, 382 So.2d 1323 (Fla. 1st DCA 1980); Sloman v. Florida Power & Light Company, 382 So.2d 834 (Fla. 4th DCA 1980).
We turn now to Gries' appeal. The question here is whether Gries' failure to appeal the February 1979 dismissal of the complaint rendered the trial court without jurisdiction to grant Gries leave to amend its complaint seven months later.
Gries contends that the February 1979 order in which its complaint against Chelton was dismissed was not final since it contained no language indicating that the complaint was dismissed with prejudice. A dismissal need not be with prejudice to be a final order for appeal purposes. See, e.g., Tapper v. Taunton, 371 So.2d 595 (Fla. 1st DCA 1979); National Carloading Corp. v. Gemini Transportation, Inc., 364 So.2d 504 (Fla. 3d DCA 1978). While the dismissal here was, in fact, an adjudication on the merits, see Florida Rule of Civil Procedure 1.420(b),[5] that fact, although critical on the issue of res judicata, is not critical on the issue of appealability.
Thus, the February 1979 order dismissing the complaint against Chelton was a final appealable order. Maule Industries, Inc. v. MacDonald Engineering Company, 296 So.2d 512 (Fla. 3d DCA 1974); State ex rel. Terminal Transport Company v. Earnest, 262 So.2d 469 (Fla. 3d DCA 1972). It was incumbent upon Gries, in order to be relieved of the impact of this dismissal, to timely seek rehearing, see Florida Rule of Civil Procedure 1.530, or to appeal. Gries did neither. Consequently, in September 1979, the trial court was without jurisdiction to entertain and act upon Gries' motion for leave to file an amended complaint, Jennings Construction Corporation v. C.H.V. Investment Corporation, 386 So.2d 291 (Fla. 3d DCA 1980); State ex rel. Terminal Transport Company v. Earnest, supra. The trial court's order dismissing the amended complaint is hereby affirmed.[6]
Affirmed.
NOTES
[1] Chelton cross appeals from that part of the order denying his motion to tax attorneys' fees pursuant to Section 57.105, Florida Statutes (1979). We find Chelton's cross appeal to be totally without merit and affirm the denial of attorneys' fees. Gries' lawsuit was clearly not frivolous. See Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
[2] Certain other designated non-final orders are reviewable under Florida Rule of Appellate Procedure 9.130.
[3] The concern of Mendez and Duncan was the finality of an order which disposed of less than all of the issues or causes in the case. Mendez approved of the Duncan holding that an order which strikes a counterclaim is final, since the cause of action raised by the counterclaim is distinct and severable from the cause of action raised in the complaint.
[4] Such a procedure was employed in Clemons v. Flagler Hospital, Inc., 385 So.2d 1134 (Fla. 5th DCA 1980), and Sloman v. Florida Power & Light Company, 382 So.2d 834 (Fla. 4th DCA 1980), and is sound. In Barnes v. Ross, 386 So.2d 812 (Fla. 3d DCA 1980), faced with the same problem, we relinquished jurisdiction to the trial court and remanded the case to it for the entry of the dismissal. In a purist sense, if we did not have jurisdiction, we had no jurisdiction to relinquish and no jurisdiction to order the trial court to dismiss. In another sense, we had inchoate jurisdiction, sufficient to enable us to require the trial court to ministerially enter the dismissal which it had authorized by its order granting the motion to dismiss.

While we agree that the dismissal of a premature appeal is nonproductive and wasteful, we do not agree with Sloman that Williams v. State, 324 So.2d 74 (Fla. 1975), precludes dismissal. Williams involved a notice of appeal from the oral pronouncement of sentence in a criminal case. The prematurity of the appeal lay in the fact that it preceded the rendition of the written judgment. Williams expressly restricts the application of its rule that a premature notice of appeal shall not be subject to dismissal to appeals taken from an oral "final" judgment preceding the written one, a written "final" judgment preceding the rendering, or a rendered final judgment preceding the disposition pending post-trial motions. In each instance envisioned by Williams, the appealable final order is moments away. We cannot read Williams as compelling us to hold in limbo a premature appeal from an order granting a motion to dismiss which may never ripen into a dismissal.
[5] Florida Rule of Civil Procedure 1.420(b) provides in pertinent part:

"... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits." (emphasis supplied).
[6] The trial court announced no reason for its dismissal of the amended complaint. It is apparent from its earlier grant of leave to amend that it did not dismiss on the ground that its jurisdiction had terminated. However, a correct ruling of a trial court will be sustained regardless of incorrect reasons which may have led to the ruling. Postell v. State, 383 So.2d 1159 (Fla. 3d DCA 1980).