395 So.2d 1276 (1981)
William CORDANI, f/u/b/o Shelby Mutual Insurance Company, Appellant,
v.
John Thomas ROULIS, Appellee.
No. 80-665.
District Court of Appeal of Florida, Fourth District.
April 1, 1981.
Jeffrey F. Berin, Palm Beach, for appellant.
*1277 G. William Bissett of Preddy, Kutner & Hardy, P.A., Miami, for appellee.
LETTS, Chief Judge.
Involved here is the question of whether a solvent member insurer under Section 631.54(4), Florida Statutes (1977) has a right of subrogation against the individual insured of another insolvent carrier member of F.I.G.A. We hold the solvent member has no such right and affirm.
One William Cordani driving his father's car, insured by a solvent insurance company, was badly injured in a collision with a car driven by John Roulis who had only $15,000 worth of coverage with his own insolvent carrier.
Cordani demanded arbitration under his uninsured motorist benefits and received $100,000 from his own solvent carrier. Meanwhile Roulis' carrier was adjudicated insolvent, so Cordani's solvent carrier was permitted to intervene seeking the return of its $100,000 by way of subrogation against Roulis, individually, the insolvent carrier's insured.
Meanwhile upon the adjudication of Roulis' carrier as insolvent, the Florida Insurance Guaranty Association (FIGA) assumed Roulis' defense and filed a motion to dismiss the solvent carrier's subrogation claim on the grounds that such claim was precluded under Section 631.54(4), Florida Statutes (1977) which concludes with the following sentence:
Member insurers shall have no right of subrogation against the insured of any insolvent member.
Pursuant to this motion, the trial judge dismissed the subrogation claim with prejudice and this appeal followed. We agree with the trial judge.
Initially we determine that notwithstanding a recent decision out of the Third District holding that an order granting a motion to dismiss with prejudice is not a final appealable order, Gries Investment Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), we adhere to our conclusion that it is. Segal v. Garrigues, 320 So.2d 475 (Fla. 4th DCA 1975).
The solvent carrier argues first that since the accident occurred prior to the adoption of the 1977 version of Section 631.54(4) then the previous 1970 version is applicable. That previous version did not contain the above quoted concluding sentence in sub-paragraph (4) so that subrogation against the individual insured under it would have been permissible. However, it is our conclusion that the right to subrogation accrued, under the facts of this case, when the underinsured benefits were paid. See Government Employees Insurance Co. v. Wheelus, 319 So.2d 181 (Fla. 4th DCA 1975). It is undisputed that the underinsured benefits were paid subsequent to the enactment of the 1977 version of the statute.
The solvent carrier next argues that this is not a "covered claim" under Section 631.54(4) because a covered claim is the equivalent of an unpaid claim. As the solvent carrier sees it, they are not making any monetary demand on FIGA which it insists had no obligation beyond payment of the $15,000 in coverage. This argument is not without merit, but if we accept it, we are left without any explanation whatever for the meaning of the first above quoted concluding sentence of the 1977 version of the statute. The language of the sentence is clear and unequivocal, to wit: A member insurer has no right of subrogation against any insured who carries coverage with an insolvent member. We interpret this language to impose an absolute bar on subrogation, except insofar as same is permitted by other modifying language in the same subsection, notwithstanding the perhaps inapt (or inept) positioning of the sentence in the statutory scheme governing guaranty of payments.
We conclude with the observation that the purposes of the statute appear to be designed to benefit two classes of individuals  claimants and insureds of insolvent carriers. Both of these aims are furthered here resulting in prompt settlement of claims. However, we are not unmindful *1278 that the insured Roulis caused at least $100,000 worth of damage, yet had only $15,000 worth of coverage. He has thus reaped enormous benefit just because his carrier happened to be insolvent which brings about a very harsh result so far as the solvent carrier is concerned. Yet if this was not the intent of the statute, then the remedy must be found in the halls of the legislature.
AFFIRMED.
ANSTEAD, J., and STONE, BARRY J., Associate Judge, concur.