# SALISBURY v CHESTNUT OFFICE EQUIPMENT COMPANY, INC., et al.

Case No. 87-692 CA

Eighth Judicial Circuit, Alachua County

February 29, 1988

### APPEARANCES OF COUNSEL

**Robert O. Stripling, Jr.** for plaintiff.

**Emory Cain** for defendant.

### OPINION OF THE COURT

DAVID L. REIMAN, Acting Circuit Judge.

THIS CAUSE of action is before the Court on Defendants' Motion for New Trial, Plaintiff's Motion to Tax Costs and the request for an entry of judgment consistent with the jury verdict rendered on December 11, 1987.

On February 26, 1985, Zernard Lesesne was operating a vehicle

owned by his employer, Chestnut Office Equipment, when it collided with a "Wells Fargo" truck being operated by Angela M. Salisbury. At the time of the collision, Salisbury was engaged in her employment related responsibilities as driver and "lookout" for a co-worker who was in the process of making pick-up and deliveries of currency from a bank. Salisbury received workers' compensation benefits from an undisclosed insurer and brought the instant third-party negligence action against Chestnut and Lesesne. Apparently, the Florida Insurance Guaranty Association, Incorporated (FIGA) assumed the responsibilities of Chestnut's insurer pursuant to Chapter 631, *Florida Statutes* (1985), for Salisbury's action. The matters of liability and damages were submitted to the jury on December 11, 1987 which returned a verdict in Salisbury's favor in the amount of $50,000.00.

Defendants' Motion for New Trial suggests this Court erred for allowing Salisbury's composite Exhibit #3 into evidence, as altered, in that said exhibit should have left references to workers' compensation in place; further, other evidence of workers' compensation benefits should have been admitted.

The admissibility of the composite exhibit was stipulated to by all parties at the time of the pre-trial conference with the Court reserving ruling until trial on the question of allowing an altered copy thereby deleting references to collateral sources. The composite exhibit was admitted into evidence leaving in place references to collateral sources other than workers' compensation. References to workers' compensation, which in most instance were indications that courtesy copies of correspondence were being mailed to the workers' compensation insurer, were deleted. No other evidence concerning workers' compensation was allowed. The Court's rulings are consistent with Section 627.7372, *Florida Statutes* (1985) as to this cause of action arising out of an incident occurring on February 26, 1985 and, therefore, the Defendants' Motion for New Trial must be denied.

FIGA requests in Defendants' motion a set off for workers' compensation benefits paid to Salisbury against the verdict rendered by the jury. The parties have stipulated that $11,879.64 total benefits were paid to Salisbury by the workers' compensation insurer during the years of 1985 and 1986 of which $6,168.72 was for wages and the balance for medical expenses; further, that of the total benefits paid, $3,507.29 was paid after the February 1985 incident giving rise to this action and prior to another vehicle incident in October of 1985, the importance of which will be discussed later.

FIGA argues that it is entitled to the set off due to the "non-

duplication of recovery" provisions set forth in Section 631.61, *Florida Statutes* (1987); further, that the workers' compensation insurer does not have a "covered claim" due to the bar against subrogation set forth in Section 631.54(3), *Florida Statutes* (1987). *Cordani v. Roulis,* 395 So.2d 1276 (Fla. 4th DCA 1981).

Salisbury responds in her representative capacity, as clarified by reviewing Section 440.39(3)(a), *Florida Statutes* (1987), that the "non-duplication of recovery" provisions of Section 631.61 are in conflict with Section 627.7372 and Section 440.39(3)(a); further, that the workers' compensation insurer has a statutory lien that should be treated differently than "covered claims".

As to the secondary argument of the parties, this Court concludes that the lien provided for in Section 440.39, *Florida Statutes* (1987), is a mechanism for enforcement of claims arising in the instant case through subrogation rights that are barred by Section 631.54(3), *Florida Statutes* (1987). *Corvallis Aero Services, Inc. v. Villalobos,* 724 P.2d 880, (CA 1986); see also, *Ferrari v. Toto,* 402 N.E.2d 107, (AP 1980). However, this Court's conclusion as to the law on this point has no bearing upon the instant case. The Court followed Section 627.7372, *Florida Statutes* (1985) in making evidentiary rulings and instructing the jury. Clearly, evidence was admitted and the jury considered elements of damages for which Salisbury was previously paid benefits by the workers' compensation insurer.

The issue is better considered on whether or not the recovery by Salisbury against FIGA should be reduced by the recovery she has already through workers' compensation.

The legislative preference to make workers' compensation insurers whole in cases where there is a third-party tort feasor must be weighed against the purpose for FIGA which provides some relief in the event of insolvency of an insurer but not necessarily makes the claimant whole.

Salisbury argues that the 5th District Court of Appeal has spoken to set offs in judgments against FIGA suggesting the Chapter 627 controls over Chapter 631. *Florida Insurance Guaranty Association v. Johnson,* 392 So.2d 1348 (Fla. 2d DCA 1980). In that case, the "non-duplication of recovery" provisions of Section 631.61 were not discussed. The case addresses stacking of insurance and required FIGA to be responsible for the uninsured motorists coverage due to insolvency of that carrier less a prorata set off for the tortfeasor's liability coverage paid. There appears to be no duplication of recovery in the facts set forth in that case.

54

In the instant case, Salisbury will be recovering some of the identical damages that she recovered from workers' compensation. The provisions of Section 631.61 speaks directly to this occurrence and requires the reduction of recovery against FIGA.

The workers' compensation insurer is made to bear the brunt of this reduction along with the attorney who does not receive compensation as provided in Section 440.39; but, this Court must be sensitive to the public policy considerations as discussed in *Ferrari,* supra.

The issue of collateral sources was reserved for post trial consideration as provided in the pre-trial order. Thus, the COurt is called upon to make a factual determination beyond that made by the jury.

Evidence adduced at trial established that subsequent to the incident in February of 1985 that gives rise to this cause of action, Salisbury was involved in another vehicle incident in October of 1985. In January of 1986 she experienced work related injuries when lifting delivery bags of currency to Belk Lindsey. Another work related incident occurred in June of 1986.

FIGA called representatives of State Farm to testify that Salisbury received recovery for damages incurred, to include lost wages, arising out of the October, 1986 vehicle incident. FIGA pressed hard the point both through cross-examination and closing arguments that Salisbury's current disabilities were a result of incidents she was involved in subsequent to the February 1985 incident with Lesesne. Salisbury failed to prove by the preponderance of evidence to the contrary as reflected in the verdict far less than had been requested of the jury. Thus, the Court finds that the verdict includes only those damages for lost wages and medical benefits, totaling $3,507.29, that were sustained prior to the subsequent incidents starting in October of 1985 and the Judgment shall be adjusted in keeping with Section 631.61 to that extent.

As to the taxing of costs, the Court has difficulty in finding the reasonableness of Sue Lewis Physical Therapy invoice in light of the other physical therapist's invoice called to testify and accordingly will disallow $285.00. Further, no explanation has been offered as to the $150.00 previous balance with Dr. Rottman, which could be for services unrelated to the instant case, and $150.00 for Dr. Fuessner for travel. With adjustments, including those requested in Supplemental Motion to Tax Costs, the Court shall award a total of $3,346.98 for reasonable costs incurred in the preparation and presentation of this case.

Recalling a needless trip to Gainesville between Christmas and New

Years, the Court shall deny Salisbury's request for interest to relate back. Therefore, it is:

ORDERED AND ADJUDGED that the Defendants' Motion for New Trial is hereby denied and Plaintiff, ANGELA M. SALISBURY, recover of and from the Defendants, CHESTNUT OFFICE EQUIPMENT COMPANY, INC., and ZERNARD LESESNE, the sum of $46,492.71 plus costs of $3,346.98 making a total of $49,839.69 together with interest hereafter as provided by law for which let execution issue.

DONE AND ORDERED in Chambers at Lake Butler, Union County, Florida, this 29th day of February, 1988.