558 So.2d 430 (1990)
Queen E. HARRIS, a/K/a Queen Esther Harris, Appellant,
v.
P.S. MORTGAGE AND INVESTMENT CORP., and Susan M. Hyde, Appellees.
No. 89-109.
District Court of Appeal of Florida, Third District.
January 16, 1990.
Rehearing Denied April 11, 1990.
Charles M. Baird, Miami Beach, and Peter Barber, for appellant.
Hershoff & Levy, and Jay M. Levy, Barry A. Stein, Miami, for appellees.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
This is an appeal by the defendant/mortgagor Queen E. Harris from a final order vacating a prior judgment of mortgage foreclosure and approving a settlement between the parties in the action. We reverse the final order under review and remand the cause to the trial court with directions to (1) set aside the settlement between the parties, (2) reinstate the judgment of mortgage foreclosure, and (3) rule upon the outstanding counterclaim in the mortgage foreclosure action, so that a final order is ultimately entered in the action.
First, we conclude that the settlement agreement was void as being totally unconscionable, both procedurally and substantively. Without going into a detailed analysis of why this is so, suffice it to say that, based on all the circumstances, the plaintiff P.S. Mortgage and Investment Corp., in effect, (1) took advantage of a poor, distraught, uneducated homeowner who had lost her home in a mortgage foreclosure action, and (2) induced her to sign a "settlement" agreement in which she virtually gave up all of her rights, including her house, and got virtually nothing in return. *431 We recognize that the defendant retained a technical right to remain living in the home, but this "right" could be terminated by the plaintiff/mortgagee upon thirty days' notice; moreover, the defendant's right to repurchase her home was also a hollow right because she was penniless, as the plaintiff well knew. Although the plaintiff had advice of counsel on this one-sided, unconscionable agreement, the defendant admittedly did not. See Williams v. Walker-Thomas Furniture Co., 350 F.2d 445 (D.C. Cir.1965); John Deere Leasing Co. v. Blubaugh, 636 F. Supp. 1569 (D.Kan. 1986); Johnson v. Mobil Oil Corp., 415 F. Supp. 264 (E.D.Mich. 1976); Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 889 (Fla. 1983). But see Amerifirst Fed. Sav. & Loan Ass'n v. Cohen, 454 So.2d 626 (Fla. 3d DCA 1984), rev. denied, 464 So.2d 554 (Fla. 1985) (sophisticated parties coupled with comparable benefits and losses under the settlement).
Second, we conclude that our prior dismissal of the defendant's appeal from the mortgage foreclosure order, Harris v. P.S. Mortgage & Inv. Corp., 534 So.2d 408 (Fla. 3d DCA 1988), does not preclude the result we reach herein. Admittedly, we based our dismissal on the "settlement" which had been reached below, but, upon reconsideration, we conclude that the settlement was entirely unconscionable. The law of the case doctrine has long recognized an exception where, as here, a manifest injustice would result by adhering to a prior erroneous ruling in the case. Strazzulla v. Hendrick, 177 So.2d 1, 4 (Fla. 1965); Beverly Beach Properties v. Nelson, 68 So.2d 604, 608 (Fla. 1953), cert. denied, 348 U.S. 816, 75 S.Ct. 27, 99 L.Ed. 643 (1954); Harris v. Lewis State Bank, 482 So.2d 1378, 1383 (Fla. 1st DCA 1986).
Third, we conclude that the trial judge did not commit reversible error in denying the defendant's motion to disqualify the said judge. The sole basis for the disqualification motion was that the trial judge had entered a prior ex parte order approving the subject settlement and dismissing the action, an order which we subsequently reversed upon a confession of error. Harris v. P.S. Mortgage & Inv. Corp., 526 So.2d 1055 (Fla. 3d DCA 1988). Plainly, the erroneous entry of a prior ex parte order by a trial judge, without more, presents no basis in itself for subsequently disqualifying the trial judge from conducting further proceedings in the case. See Wilson v. Renfroe, 91 So.2d 857, 860-61 (Fla. 1957); Payton Health Care Facilities, Inc. v. Estate of Campbell By and Through Campbell for and on Behalf of Campbell, 497 So.2d 1233, 1238 (Fla.2d DCA), rev. denied, 500 So.2d 545 (Fla. 1986); Claughton v. Claughton, 452 So.2d 1073, 1074 (Fla. 3d DCA 1984).
Finally, we conclude that we have no jurisdiction on this appeal to review the original foreclosure order and, accordingly, strike point III of the defendant's brief. This is so because the final order under review does not implicitly incorporate the foreclosure order, but, to the contrary, sets it aside. Cf. Ruppel v. Gulf Winds Apartments, Inc., 508 So.2d 534, 535 (Fla. 2d DCA 1987) (appeal of a final order brings up for review only interlocutory orders entered as "a necessary step" leading to the appealed order); Duncan v. Pullum, 198 So.2d 658, 661 (Fla. 2d DCA 1967) (same). See generally 3 Fla.Jur.2d Appellate Review §§ 306-08 (1978). Nonetheless, we recognize that after the trial court reenters the foreclosure order upon remand and rules upon the defendant's pending counterclaim, the judicial labor in the foreclosure action will be at an end and the defendant may, if she chooses, take a timely appeal therefrom as an appeal from a final order. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla. 1974); Saul v. Basse, 399 So.2d 130, 131 (Fla. 2d DCA 1981); Taussig v. Insurance Co. of North America, 301 So.2d 21, 22 (Fla. 2d DCA 1974); Bumby & Stimpson, Inc. v. Peninsula Util. Corp., 179 So.2d 414, 415-16 (Fla.3d DCA 1965); see also Duncan v. Pullum, 198 So.2d at 662 (declination to review interlocutory orders because they were not a necessary step to appealed order did not preclude their review in subsequent appeal from judgment finally disposing *432 of the complaint). Our prior dismissal of the defendant's appeal from the foreclosure order would not preclude such an appeal because the defendant's prior appeal was from an appealable non-final order determining the right to immediate possession of property under Fla.R.App.P. 9.130(a)(3)(C)(ii), and was not, as urged, an appeal from a final order. This being so, the defendant may still seek review of the foreclosure order by filing an appeal from the final judgment when entered in the foreclosure action after the trial court complies with our remand instructions in this case. Fla.R.App.P. 9.130(g) (interlocutory appeal rule "shall not preclude initial review of a non-final order on appeal from the final order in the cause.").
Reversed with directions.