PER CURIAM.
This petition for certiorari[1] presents a claimed departure from the essential requirements of law in that the trial court continues to exercise jurisdiction over the defendants, Jennings Construction Corporation and Milton S. Jennings, after they have been dismissed from the cause. We agree that the record does present such a departure, and the writ is granted.
The essential chronology is as follows: (1) The defendants, Jennings Construction Corporation and Milton S. Jennings, were sued and properly served with process. (2) The trial judge entered a final judgment dismissing the cause without leave to amend as to these defendants. (3) A successor trial judge, acting over five months after the final judgment which had become “rendered” [2] and was unappealed, granted leave to the plaintiff to file an amended complaint against the same defendants in the same cause.
We do not determine the possible issue of res judicata but hold that upon the state of the record as above recited the trial court had no jurisdiction over these defendants at *291 the time of the entry of the order granting leave to amend the complaint as to these defendants. See McMullen v. McMullen, 145 So.2d 568 (Fla. 2d DCA 1962). The order of February 25,1980, is quashed insofar as it pertains to the defendants, Jennings Construction Corporation and Milton S. Jennings.
It is so ordered.

. Although originally filed as an interlocutory appeal, this court has, pursuant to Fla.R.App.P. 9.040(c), determined that the interlocutory appeal should be considered as a petition for certiorari.

. Fla.R.App.P. 9.020(g).