690 So.2d 660 (1997)
CARNIVAL CORPORATION, f/k/a Carnival Cruise Lines, Petitioner,
v.
Michael SARGEANT, Bernadette Frederick, Gerald Handy and Erton Gurley, Respondents.
No. 97-257.
District Court of Appeal of Florida, Third District.
March 19, 1997.
*661 Keller & Houck, P.A., Jerry D. Hamilton and John W. Keller, III, for petitioner.
Tilghman & Veith, P.A., H. Mark Veith; Lauri Waldman Ross, for respondents.
Robert A. Ginsburg, County Attorney, and Roy Wood, Assistant County Attorney, for the Honorable Alan Postman.
Before JORGENSON, FLETCHER and SORONDO, JJ.
SORONDO, Judge.
The Respondents/Plaintiffs filed a putative class action lawsuit against the Petitioner/Defendant for debt and civil remedy for criminal practices. The Petitioner filed its motion to dismiss on July 22, 1996. A hearing was held on the motion to dismiss on September 27, 1996. By order dated November 4, 1996, the trial court granted the motion, stating, in pertinent part,
ORDERED AND ADJUDGED that Defendant's Motion to Dismiss be and the same is hereby GRANTED; Plaintiff's Complaint is hereby dismissed, without prejudice.
Noticeably, the order did not grant leave to amend.
On November 25, 1996, without leave of court, Respondents filed an amended complaint. On December 10, 1996, Petitioner filed a motion to strike the amended complaint and jury trial demand, and in the alternative, motion to dismiss, challenging the propriety of filing an amended complaint without leave of court. These motions were heard on January 8, 1997.
At the hearing, the trial judge granted Appellant's motion to strike the amended complaint, but allowed Respondents to amend, based on an ore tenus motion Respondents first asserted at the hearing. The trial judge ordered that the amended complaint be deemed filed as of November 25, 1996, but later clarified his order on January 21, 1997, stating the amended complaint be deemed filed as of January 8, 1997.
The Petitioner filed a Petition for Writ of Prohibition or Certiorari with this court, arguing that the trial court's order of November 4, 1996, granting the motion to dismiss and dismissing the complaint without prejudice, was a final appealable order; that the unauthorized amended complaint was a nullity, and that the trial court was without jurisdiction to act upon Respondent's ore tenus motion for leave to file an amended complaint. We agree.
In Gries Investment Company v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980), we dealt with an almost identical situation. There, the plaintiff filed a complaint against the defendant. In February 1979, the trial court granted the defendant's motion to dismiss for failure to state a cause of action. The court's order stated:
[T]hat the Complaint filed by Plaintiff herein be and the same is hereby dismissed, as to the Defendant, Robert G. Chelton, individually.
Id.
In Gries we held that a dismissal need not be with prejudice to be a final order for appeal purposes. Id. at 1282. Thus, in the present case, the order dismissing the complaint was a final appealable order. See also Carlton v. Wal-Mart Stores, Inc., 621 So.2d 451 (Fla. 1st DCA 1993); Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982). In order to avoid the consequences of the dismissal, the Respondents were obligated to timely seek rehearing, appeal or file a new lawsuit. They did none of these. As a result, *662 the trial court did not have jurisdiction at the time it entered the order granting leave to amend the complaint. Jennings Construction Corp. v. C.H.V. Investment Corp., 386 So.2d 290 (Fla. 3d DCA 1980).
The Petition for Writ of Prohibition is granted. The trial court is directed to quash its order of January 21, 1997 and to reinstate the order of dismissal.
It is so ordered.