793 So.2d 89 (2001)
HAYWARD & ASSOCIATES, INC., Appellant,
v.
M. Dexter HOFFMAN, Noel K. Evans, and Evans & Donica, P.A., a Florida professional association, Appellees.
No. 2D00-4324.
District Court of Appeal of Florida, Second District.
August 15, 2001.
R. Patrick Mirk of R. Patrick Mirk, P.A., Tampa, for Appellant.
Scott C. Ilgenfritz and Jonathan S. Coleman of Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Tampa, for Appellee, M. Dexter Hoffman.
Brett J. Preston and Marie A. Borland of Hill, Ward & Henderson, P.A., Tampa, for Appellees, Noel K. Evans and Evans & Donica, P.A.
ALTENBERND, Acting Chief Judge.
Hayward & Associates, Inc., appeals an order granting a motion to strike its amended complaint. The trial court struck the amended complaint because it concluded that an earlier order granting a *90 motion to dismiss was a final appealable order. We conclude that the earlier order was not a final order, and accordingly reverse the order striking the amended pleading.[1]
Hayward & Associates filed a seven-count complaint against M. Dexter Hoffman, Noel K. Evans, and Evans & Donica, P.A.[2] The defendants moved to dismiss the complaint. On October 22, 1999, Judge Edward H. Ward entered a twelve-page order. The order is a textbook example of a hybrid order, mixing concepts of finality and nonfinality. The order is entitled an "Order Granting Defendant's Motion to Dismiss." At the end of the long document, it states that it is "ordered and adjudged" that the "motion to dismiss as to Count I is granted." The order then continually repeats this language for each of the seven counts. At its conclusion, the order does not grant leave to amend, but it also does not use the phrase "with prejudice." Although it dismisses each and every count, it does not expressly dismiss the entire complaint or action.
Within the body of the order, in a lengthy section entitled "Analysis," the merits of each count are considered and rejected. The trial court finds that each count, as pleaded, fails to state a cause of action.[3] At the end of the discussion of count I, the order states: "For the foregoing reasons Count I shall be dismissed." At the end of the next discussion, it states: "This Court finds that Count II fails to state a cause of action or a claim for relief and dismisses the same." Next, the court declares that "Count III should be dismissed for failure to state a cause of action." As to count IV, the court returns to the language "shall be dismissed." It determines that count V "should be dismissed." After more discussion, it rules: "Consequently, Count VI is dismissed." Finally, although the court found the attempt to allege civil conspiracy in count VII deficient, it did not conclude its analysis with any words that might be construed as words of finality.
A cautious plaintiff would have rapidly sought rehearing or clarification of this unusual order. Instead, Hayward & Associates waited more than thirty days and then filed an amended complaint on December 15, 1999, without any accompanying motion to amend. The defendants immediately moved to strike this pleading as an unauthorized pleading and asserted that the order granting the motion to dismiss was a final order from which no timely appeal had been taken. Hayward & Associates then filed a motion for leave to amend its complaint. By the time of the hearing on the motion to strike and the motion to amend, the case had been reassigned to Judge Espinosa. He was persuaded that Judge Ward's earlier order *91 was intended to be a final judgment, and thus he struck the amended pleading.
The defendants correctly argue that the October 22 order did not need to state that it was "with prejudice" or expressly deny the right to amend in order to be a final order. See Smith v. St. Vil, 714 So.2d 603 (Fla. 4th DCA 1998); Carnival Corp. v. Sargeant, 690 So.2d 660 (Fla. 3d DCA 1997). On the other hand, it is well-established that an order that merely grants a motion to dismiss, as contrasted with an order dismissing a complaint or an action, is not a final order. Gries Inv. Co. v. Chelton, 388 So.2d 1281 (Fla. 3d DCA 1980); Bd. of County Comm'rs of Madison County v. Grice, 438 So.2d 392 (Fla.1983) (approving Gries Inv. Co.); Chesbrough v. Shope, 544 So.2d 1078 (Fla. 2d DCA 1989). The October 22 order, using various expressions, dismissed counts of the complaint, but it never expressly dismissed the entire complaint. Especially when one considers the title of the order and the matters "ordered and adjudged" at the end of the order, this is merely a nonfinal order granting motions to dismiss.
Accordingly, we reverse the order on appeal and remand for the trial court to consider the plaintiff's motion to amend its complaint.
Reversed and remanded.
SALCINES, J., and CAMPBELL, MONTEREY, (Senior) Judge, Concur.
NOTES
[1] Our jurisdiction in this context is confusing at best. If the earlier order had been a final order, the order on appeal would be appealable under Florida Rule of Appellate Procedure 9.130(a)(4) as a nonfinal order rendered after entry of an earlier final order. Because we conclude that the earlier order was nonfinal, the order striking the amended complaint is effectively a final order because it is the last order that the trial court was willingly prepared to enter in this case.
[2] Other plaintiffs joined in the complaint but have not appealed this order. Although they are technically appellees, see Fla. R.App. P. 9.020(g), they have not participated as such in this appeal.
[3] The order does not foreclose the possibility that the complaint could be amended to properly assert at least some of these claims. Because this was Hayward and Associates' first complaint, to enter a final order dismissing this complaint with prejudice and without opportunity to amend would have been an abuse of discretion. See Kapley v. Borchers, 714 So.2d 1217 (Fla. 2d DCA 1998).