KEYSER, JANIS BRUSTARES, Associate Judge.
The plaintiff appeals an order granting the defendant’s motion to strike her amended complaint. The trial court granted the motion to strike based on its finding that a prior order on a motion to dismiss was a final judgment which precluded the filing of an amended complaint. We find that the prior order was not a final judgment which prevented the plaintiff from filing an amended complaint and, thus, the trial court erred in striking the amended complaint. We reverse and remand to the trial court to allow the filing of the amended complaint.
In April of 2011, the plaintiff filed suit against the defendant, her former employer, alleging that the defendant violated Florida’s Civil Rights Act (FCRA) by engaging in sexual discrimination and that *987 she was terminated from her employment in retaliation for her complaints of sexual discrimination. The defendant filed a motion to dismiss, asserting that the plaintiff failed to exhaust her administrative remedies. The defendant also moved to dismiss on statute of limitation grounds.
In a September 9, 2011 order entitled “Order on Defendant’s Motion to Dismiss Plaintiffs Complaint,” the trial court granted the motion to dismiss. The order reads as follows:
The motion is granted. It appears plaintiff failed to exhaust administrative remedies, allegations in the complaint go beyond those arguably presented in the administrative charge, and plaintiffs allegations are time barred.
The order does not state whether the dismissal is with or without prejudice; it does not grant the plaintiff leave to amend; and it does not actually dismiss the complaint:
Less than a week later, the plaintiff filed an amended complaint. The defendant filed a motion to dismiss on the same grounds it had moved to dismiss the original complaint. The defendant subsequently filed a “Motion to Strike Plaintiff’s Amended Complaint or, Alternatively, Supplemental Motion to Dismiss Plaintiffs Amended Complaint.” The defendant asserted that the September 9, 2011 order granting the motion to dismiss was a final judgment and no motion for rehearing or notice of appeal was filed by the plaintiff. The defendant argued that the plaintiff could not revive her lawsuit by filing an amended complaint. Alternatively, the defendant sought dismissal on the same grounds asserted in its previously-filed motion to dismiss. The plaintiff responded that the September 9, 2011 order was not a final order of dismissal; and, since no answer had been filed, she had an absolute right to amend pursuant to Florida Rule of Civil Procedure 1.190(a).
On December 12, 2011, the trial court rendered an order on the defendant’s motion, granting the motion to strike the plaintiffs amended complaints. The trial court apparently accepted the defendant’s argument that the “Order on Defendant’s Motion to Dismiss Plaintiffs Complaint” was a final judgment of dismissal, and that entry of the final judgment served to bar the filing of the plaintiffs amended complaint.
Ordinarily, a trial court’s ruling on a motion to strike a pleading is reviewed for an abuse of discretion. See, e.g., Upland Dev. of Cent Fla., Inc. v. Bridge, 910 So.2d 942, 944 (Fla. 5th DCA 2005). Here, however, the order on appeal is essentially a ruling on a question of law: whether a prior court order was a final judgment, which required the taking of an appeal to challenge the same. Therefore, de novo review is appropriate. Cf. Osmulski v. Oldsmar Fine Wine, Inc., 93 So.3d 389, 392 (Fla. 2d DCA 2012) (holding that, because ruling on jury instruction decided as an issue of law, de novo review appropriate); Univ. of Miami v. Francois, 76 So.3d 360, 364 (Fla. 3d DCA 2011) (recognizing questions of law are reviewed de novo), review denied, 99 So.3d 943 (Fla. 2012).
To constitute a final order, an order of dismissal need not state that the dismissal is “with prejudice” or expressly deny any right to amend. Hayward & Assocs., Inc. v. Hoffman, 793 So.2d 89, 91 (Fla. 2d DCA 2001). On the other hand, it is well-established that an order which merely grants a motion to dismiss, as contrasted with an order dismissing a complaint or an action, is not a final order. Id.; Hernandez v. State Farm Mut. Auto. Ins. Co., 32 So.3d 695, 698 (Fla. 4th DCA 2010).
*988 In Hayward, as here, the trial court struck an amended complaint based upon its finding that an earlier order granting a motion to dismiss was a final, appealable order which precluded further amendment. That earlier order was entitled “Order Granting Defendant’s Motion to Dismiss” and contained language stating that it was “ordered and adjudged that the motion to dismiss ... is granted” as to each of the counts. 793 So.2d at 90. The order included paragraphs containing an analysis of each count of the complaint and concluded that each count failed to state a cause of action. Id. The Second District held that, since the order never expressly dismissed the entire complaint, the order was non-final and, thus, the trial court had erred in striking the amended complaint. Id. at 91.
The court in Hayward further noted that the order at issue in that case did not foreclose the possibility that the complaint could be amended to properly assert at least some of these claims. Id. at 90 n. 3. Since this was Hayward and Associates’ first complaint, the court stated “to enter a final order dismissing the complaint with prejudice and without opportunity to amend would have been an abuse of discretion.” Id. (citing Kapley v. Borchers, 714 So.2d 1217 (Fla. 2d DCA 1998)).
Here, as in Hayward, the September 9, 2011 order at issue does nothing more than grant a motion to dismiss. There is no language in the order actually dismissing the complaint or action. There is also no language in the September 9, 2011 order clearly indicating that judicial labor was at an end and there could be no possibility of amendment. See Hinote v. Ford Motor Co., 958 So.2d 1009, 1010 (Fla. 1st DCA 2007) (recognizing that order of dismissal can be rendered final as result of language making it clear judicial labor in the case is at an end).
The language of the order is somewhat equivocal, i.e., it “appears plaintiff failed to exhaust administrative remedies, allegations in the complaint go beyond those arguably presented in the administrative charge, and plaintiffs allegations are time barred.” (emphasis added). It is simply not clear from the September 9, 2011 order that the defects in the original complaint are beyond cure. Therefore, the order is merely a non-final order granting a motion to dismiss and, as such, did not serve to preclude further pursuit of the action by the filing of an amended complaint.
Accordingly, we reverse and remand with instructions to the trial court to permit the filing of the amended complaint. As the trial court never ruled on the motion to dismiss directed to the amended complaint, the motion to dismiss must be addressed on remand.

Reversed and Remanded.

POLEN and CONNER, JJ„ concur.