IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JOHN WESLEY MIMS,

        Petitioner,

 v.                                                                                    Case No. 5D15-4447

AUDREY BROXTON,

        Respondent.

_____/

Opinion filed May 20, 2016

Petition for Certiorari Review of Order
from the Circuit Court for Volusia County,
William A. Parsons, Judge.

John Wesley Mims, Cross City, pro se.

No Appearance for Appellee.


PER CURIAM.

John Mims petitions this Court for a writ of certiorari, seeking review of the lower court's denial of his motion for leave to amend his complaint to add an indispensable party. We grant the petition and quash the order under review.

The facts stem from a foreclosure lawsuit filed by Mims against Audrey Broxton. The lower court dismissed the action on the note for failure to join an indispensable party. In the same order, the trial court found that Mims had not established that a mortgage existed, but rather that the litigated document only operated as a promissory note.

Although the court found that Mims "may" be entitled to recover the unpaid portion of the promissory note, instead of determining entitlement, the court dismissed the action without prejudice for failure to join the joint note holder.

On appeal, this court considered the order non-final and, therefore, non-appealable and dismissed the appeal.[1]  Following this, Mims filed a motion to amend the complaint.  The trial court denied the motion finding the case was closed.  This timely petition followed.

To receive relief under certiorari review, the petitioner must show that (1) the lower court departed from the essential requirements of the law, (2) the petitioner will suffer a material injury for the rest of the case, and (3) there is no adequate remedy on post-judgment appeal.  Holmes Reg'l Med. Ctr., Inc. v. Dumigan, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014) (citing Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So. 2d 1083, 1087 (Fla. 5th DCA 2007)).  The last two requirements "are often combined into the concept of 'irreparable harm . . . .'" Id. (citing Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012)).  Irreparable harm is jurisdictional, and must be found before a court may even consider whether there has been a departure from the essential requirements of the law.  Id.

The order currently before this Court denies Mims' motion to amend, which was filed in an attempt to add the indispensable party.  The only justification for this denial appears to be the lower court's finding that the case was closed.  However, as this Court found in Mims' prior appeal, the lower court's dismissal was not a determination on the merits.  Despite concluding no mortgage existed, the trial court's order specifies that Mims

---

[1] Mims v. Broxton, No. 5D14-1177 (Fla. 5th DCA July 2, 2015).

"may" be entitled to recover the remainder of the amount owed under the note. This language is equivocal and leaves the issue open for future judicial determination. See Paulino v BJ's Wholesale Club, Inc., 106 So. 3d 985, 988 (Fla. 4th DCA 2013) (finding order of dismissal to be non-final where language of order was "somewhat equivocal, i.e., it '*appears* plaintiff failed to exhaust administrative remedies, allegations in the complaint go beyond those *arguably* presented in the administrative charge . . . .'") Accordingly, the case was not closed.

As the order below was not final, the order denying leave to amend the complaint was erroneous. Nevertheless, for such an error to reach the level of "[a] departure from the essential requirements of law," it must violate "a clearly established principle of law [resulting] in a miscarriage of justice." State Farm Fla. Ins. Co. v. Lorenzo, 969 So. 2d 393, 397 (Fla. 5th DCA 2007) (discussing "departure from the essential requirements of law" with reference to second-tier certiorari review). A determination of the finality of judgments is well-established in the law. Because the order denying leave to amend the complaint effectively deprives Mims of any final judgment to appeal, he clearly has no adequate remedy on appeal. For this reason, the lower court's order also represents a miscarriage of justice.

PETITION GRANTED.

COHEN, BERGER and LAMBERT, JJ., concur.