This appeal is dismissed as from a nonappealable nonfinal order. The September 26, 2017, "order on Pasco County's amended motion to dismiss for lack of subject matter jurisdiction" does not, contrary to the appellants' assertion in their response to this court's order to show cause, dismiss anything; it merely grants a motion to dismiss. See Hayward & Associates, Inc. v. Hoffman, 793 So. 2d 89, 91 (Fla. 2d DCA 2001) ("[l]t is well-established that an order that merely grants a motion to dismiss, as contrasted with an order dismissing a complaint or an action, is not a final order."); Johnson v. First City Bank of Gainesville, 491 So. 2d 1217, 1218 (Fla. 1st DCA 1986) ("The order from which this appeal is taken granted the appellees' motion to dismiss 'with prejudice.' It is an order granting a motion, not an order dismissing the action. Such an order is not final and not appealable."); see also Potucek v. Smeja, 419 So. 2d 1192 (Fla. 2d DCA 1982) (noting that rule 1.530(a), (b) "has been consistently construed to authorize rehearings only on orders and judgments which are final in nature.") Furthermore, the appellants have not identified any separate basis on which this court would have jurisdiction over the October 25, 2017, "stipulated order on plaintiffs' motion for leave to file second amended complaint." The appellants' motion for extension of time is denied as moot.
NORTHCUTT, SALARIO, and BADALAMENTI, JJ., Concur.