# FIFTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 5D22-2558
LT Case No. 2020-CA-0026

_____

SARAH S. SONA,

    Appellant,

    v.

FOUNDATION SERVICES OF
CENTRAL FLORIDA, INC., STONE
CREEK COMMUNITY
ASSOCIATION, INC., PULTE HOME
COMPANY, LLC, CIRACO
UNDERGROUND, INC., ANDREYEV
ENGINEERING, INC., et al.,

    Appellees.

_____


On Appeal from the Circuit Court for Marion County.
Steven G. Rogers, Judge.

Darylaine Hernandez, of Law Office of Darylaine Hernandez,
LLC, Orlando, for Appellant.

Michael J. Roper and Derek J. Angell, of Roper, P.A., Orlando, for
Appellees, Stone Creek Community Association, Inc. and Pulte
Home Company, LLC.

Brendan N. Keeley and William M. Blume, III, of Baumann,
Gant & Keeley, P.A., Jacksonville, for Appellee, Foundation
Services of Central Florida, Inc.

No Appearance for Other Appellees.

March 15, 2024

LAMBERT, J.

Sarah S. Sona timely appeals the final summary judgments entered by the trial court in her negligence action in favor of three of the defendants, Foundation Services of Florida, Inc. ("Foundation"); Stone Creek Community Association, Inc. ("Stone Creek"); and Pulte Home Company, LLC ("Pulte"). Sona also challenges the order entered by the trial court just before the entry of these final summary judgments denying her motion to amend her second amended complaint to add an entirely new party to the litigation. As the final summary judgments totally disposed of the entire case as to these three defendants, but not as to all of the defendants, we have jurisdiction under Florida Rule of Appellate Procedure 9.110(k).

Applying the de novo standard of review to the final summary judgments, *see Volusia Cnty. v. Aberdeen at Ormond Beach, L.P.*, 760 So. 2d 126, 130 (Fla. 2000) (applying the de novo standard of review to the review of final summary judgments), we affirm. *See* Fla. R. Civ. P. 1.510(c)(5), (e)(2)–(3) (2022).[1]

Addressing Sona's remaining claim that the trial court reversibly erred in denying her leave to amend her second amended complaint, for the following reasons, we dismiss for lack of jurisdiction.

---

[1] Sona also argues that the trial court erred in denying her motion for rehearing. We conclude, without detailed elaboration, that no abuse of discretion has been shown in the denial of the rehearing motion. *See Beacon Hill Homeowners Ass'n v. Colfin Ah-Fla. 7, LLC*, 221 So. 3d 710, 712 (Fla. 3d DCA 2017) ("The standard of review on appeal of a [denial of a] motion for rehearing is abuse of discretion." (citing *Villas at Laguna Bay Condo. Ass'n v. Citimortgage, Inc.*, 190 So. 3d 200, 202 (Fla. 5th DCA 2016))).

First, under rule 9.110(k), while the scope of appellate review of a partial final judgment may include any ruling or matter that occurred before the filing of the notice of appeal, the ruling or matter must be directly related to an aspect of the partial final judgment under review. Here, the record shows that the denial of Sona's motion to add an entirely new defendant into the litigation was not directly related to the final summary judgments entered in favor of the appellees, Foundation, Pulte, and Stone Creek. Accordingly, rule 9.110(k) does not provide the requisite jurisdiction to allow review of this ruling.

Next, because the entire case below has not concluded, we separately lack jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3) to review the order. Simply stated, the nonfinal order denying Sona leave to amend to add a defendant is not one of the enumerated nonfinal orders separately appealable under this rule.

Lastly, Florida Rule of Appellate Procedure 9.040(c) provides, in pertinent part, that when a party seeks an improper remedy, the cause must be treated as if a proper remedy had been sought. Under this rule, we construe Sona's appeal of the order denying her motion to amend as if she is seeking certiorari relief from the order. *Cf. Trucap Grantor Tr. 2010-1 v. Pelt*, 84 So. 3d 369, 373 (Fla. 2d DCA 2012) (granting a petition for writ of certiorari and quashing a nonfinal order denying the plaintiff's motion to amend its complaint).

For this court to grant certiorari relief, a petitioner, such as Sona, must show the following familiar elements: (1) the lower court order departed from the essential requirements of the law, (2) causing material injury for the rest of the case, and (3) there is no adequate remedy on post-judgment appeal. *Mims v. Broxton*, 191 So. 3d 552, 553 (Fla. 5th DCA 2016) (citing *Holmes Reg'l Med. Ctr., Inc. v. Dumigan*, 151 So. 3d 1282, 1284 (Fla. 5th DCA 2014)). These last two requirements are often combined into the concept of irreparable harm. *Id.* (citing *Dumigan*, 151 So. 3d at 1284). Because irreparable harm is required for this court to have certiorari jurisdiction, irreparable harm must be first found before addressing whether the lower court's order is a departure from the essential requirements of the law. *Id.* (citing *Dumigan*, 151 So. 3d

3

at 1284).

Here, Sona will have an adequate remedy through a post-judgment plenary appeal when the case concludes against the remaining defendants. *See Hawaiian Inn of Daytona Beach Inc. v. Snead Constr. Corp.*, 393 So. 2d 1201, 1201–02 (Fla. 5th DCA 1981) (holding that certiorari relief was not available to "reverse" the trial court's order denying leave to file a second amended complaint where plenary appeal after final judgment provided an adequate remedy). Accordingly, because Sona has not shown the requisite irreparable harm or injury resulting from the trial court's denial of her motion to amend her second amended complaint, we dismiss this aspect of her appeal for lack of jurisdiction. *See Bared & Co. v. McGuire*, 670 So. 2d 153, 157 (Fla. 4th DCA 1996) (holding that, if an appellate court "determine[s] that there has been an insufficient showing of irreparable harm or injury, [it] will enter an order *dismissing* the petition").

AFFIRMED, in part; DISMISSED, in part.

EISNAUGLE and PRATT, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____