# Third District Court of Appeal

## State of Florida

Opinion filed February 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1615
Lower Tribunal No. 24-45476-CC-05
_____

**Juana Y. Galvez, et al.,**
Appellants,

vs.

**CIT Bank,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Jacqueline Woodward, Judge.

Juana Y. Galvez and Guillermo Sanchez, in proper persons.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, David Rosenberg, and Monica Darrow (Boca Raton), for appellee.

Before EMAS, MILLER, and GOODEN, JJ.

MILLER, J.

Appellants, Juana Y. Galvez and Guillermo Sanchez, two self-represented litigants, challenge an order granting a motion to dismiss their quiet title complaint with prejudice. On appeal, they contend the trial court erred in delving into the merits of their claim in rendering a decision on the motion. Concluding the order under review is neither final in nature nor an appealable nonfinal order, we dismiss the appeal on our own volition.

I

Appellants filed suit against appellee, CIT Bank, in the Civil Division of the Miami-Dade County Court. In their complaint, they sought to remove any cloud on the title of their property attributable to a mortgage lien securing a home equity line of credit ("HELOC") that had been previously recorded in the official records of Miami-Dade County. Appellants alleged they originally obtained the HELOC from IndyMac Bank, FSB, CIT later acquired the debt, the lien was now "null and void," and CIT rebuffed requests for proof of the debt.

CIT filed a Motion to Dismiss Quiet Title Action with Prejudice. In its motion, it referenced a different recorded document in the public records and asserted that appellants had executed a note and mortgage with a credit limit

2

of $137,000.00 in favor of IndyMac,[1] no statute of limitations barred enforcement, and the complaint was deficient for failure to state a cause of action.

Appellants filed a Motion in Opposition to Motion for Dismissal, asserting that CIT's motion referenced the wrong recorded document. They then filed an amended complaint. CIT moved to strike the amended complaint, contending it was improperly filed without leave of court, as a "responsive pleading" had been filed. <u>Contra</u> Fla. R. Civ. P. 1.190(a) ("A party may amend a pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend a

---

[1] The county court's jurisdiction is unclear on this undeveloped record. <u>See Alexdex Corp. v. Nachon Enters., Inc.</u>, 641 So. 2d 858, 860 (Fla. 1994) ("We . . . hold that circuit courts, and county courts within their statutorily set monetary limit, have concurrent jurisdiction in matters of equity."); <u>see also Fla. Jur.</u> § 111 (2d. ed. 2024) ("Equity has the inherent jurisdiction in proceedings to quiet title or remove a cloud therefrom, and the exercise of exclusive original jurisdiction in such cases is vested in the circuit courts.") (footnotes omitted); Art. V, § 20(c)(3), Fla. Const. ("Circuit courts shall . . . have exclusive original jurisdiction in all actions at law not cognizable by the county courts; . . . in all cases in equity[;] . . . and in all actions involving the titles or boundaries or right of possession of real property."); § 26.012(2)(g), Fla. Stat. (2024) ("Circuit courts shall have exclusive original jurisdiction . . . [i]n all actions involving the title and boundaries of real property."); § 34.01(1)(c), Fla. Stat. (2024) (setting jurisdictional limits of county courts); § 34.01(4), Fla. Stat. ("Judges of county courts may hear all matters in equity involved in any case within the jurisdictional amount of the county court, except as otherwise restricted by the State Constitution or the laws of Florida.").

pleading only by leave of court or by written consent of the adverse party.");

Boca Burger, Inc. v. Forum, 912 So. 2d 561, 567 (Fla. 2005) ("[A] motion to dismiss is not a 'responsive pleading' because it is not a 'pleading' under the rules.") (citing Fla. R. Civ. P. 1.100(a)); McClash v. Urschel, 351 So. 3d 1206, 1207 (Fla. 2d DCA 2022) ("Because the Bollettieris had not served their answer and had only filed a motion to dismiss, the trial court abused its discretion in denying Mr. McClash the right to amend his complaint.").

The trial court convened a hearing and orally granted the Motion to Dismiss Quiet Title Action with Prejudice. This generated a flurry of filings by appellants. The trial court then rendered a written order reflecting the following: "The **Defendant's Motion to Dismiss Complaint for Quiet Title with Prejudice** be and the same is hereby **GRANTED**." Stamped on the order was the following: "Final Order as to All Parties SRS: **#12** (Other) THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES." This appeal ensued.

## II

"The record in this case presents a question of jurisdiction, which, although not raised by either party[,] . . . we do not feel at liberty to pass without notice." Grace v. Am. Cent. Ins. Co. of St. Louis, 109 U.S. 278, 283

4

(1883).  An appellate court has an independent duty to recognize a jurisdictional defect even if no party raises the issue.  See 84 Lumber Co. v. Cooper, 656 So. 2d 1297, 1299 (Fla. 2d DCA 1994).  In this vein, "if want of jurisdiction appears at any stage of the proceedings, original or appellate, the court should notice the defect and enter an appropriate order." Thompson v. Thompson, 342 So. 3d 818, 821 (Fla. 3d DCA 2022) (quoting Mendez v. Ortega, 134 So. 2d 247, 248 (Fla. 3d DCA 1961)).

Florida's district courts of appeal have jurisdiction over final orders of trial courts that are not directly reviewable by the supreme court or the circuit court.  See Fla. R. App. P. 9.030(b)(1)(A).  In deciding whether an order is final, "we look not to the title."  Colby III, Inc. v. Centennial Westland Mall Partners, LLC, 386 So. 3d 1003, 1005 (Fla. 3d DCA 2023).  We instead "review the content and substance to discern whether the order fully and finally determines the rights of the parties involved in the lawsuit."  Id.

The order before us does not dismiss the case or contain any words of finality.  Instead, it merely grants the motion to dismiss.  "[I]t is well-established that an order which merely grants a motion to dismiss, as contrasted with an order dismissing a complaint or an action, is not a final order."  Paulino v. BJ's Wholesale Club, Inc., 106 So. 3d 985, 987 (Fla. 4th DCA 2013); see also Touchton v. Woodside Credit, LLC, 316 So. 3d 392,

5

394 (Fla. 2d DCA 2021) ("Where an order merely grants a motion to dismiss, it is not a final order."). This is true even if the order grants the motion to dismiss with prejudice. See GMI, LLC v. Asociacion del Futbol Argentino, 174 So. 3d 500, 501 (Fla. 3d DCA 2015) ("An order that merely grants a motion to dismiss is not a final order. . . . This is true even if the order grants the motion 'with prejudice.' . . . For an order to be final, it must constitute an entry of a dismissal of the case. It is the dismissal of the case that is final and appealable, not an order simply granting a motion.") (citations omitted). The inclusion of the additional language and SRS stamp following the trial judge's signature does not compel a different conclusion. See, e.g., Coral Gables Imps., Inc. v. Suarez, 306 So. 3d 348, 351 (Fla. 3d DCA 2020) (explaining that "SRS stamp" was "purely ministerial[] and . . . did not operate to convert the otherwise nonfinal order into a final order"). Indeed, the amended complaint, along with the myriad of post-order motions, remain pending, as the motion to strike has not been adjudicated.

Finally, we are not unmindful that appellants characterized their appeal as one from an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). We disagree, however, with this conclusion. The order merely grants a motion to dismiss; it does not squarely determine the immediate right to possession of property. See Profile Invs., Inc. v. Delta

6

Prop. Mgmt., Inc., 957 So. 2d 70, 70 (Fla. 1st DCA 2007) ("Although the nonfinal order on appeal determined that the appellant's tax deed is invalid and of no legal effect, this order does not directly determine the immediate right to possession of property."). Accordingly, we dismiss the appeal for lack of jurisdiction.

Appeal dismissed.