# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2468
Lower Tribunal No. 16-4858-CA-01
_____

**First Horizon Bank, etc., et al.,**
Petitioners,

vs.

**Steven Hayworth,**
Respondent.


A Case of Original Jurisdiction—Prohibition.

Podhurst Orseck, P.A., and Ricardo M. Martínez-Cid and Ramon A. Rasco, for petitioners.

Leto Law Firm, and Matthew P. Leto; John C. Lukacs, P.A., and John C. Lukacs, Sr., for respondent.


Before SCALES, C.J., and FERNANDEZ and LINDSEY, JJ.

SCALES, C.J.

Petitioner First Horizon Bank, as successor in interest to Gibraltar Private Bank & Trust Company after merger ("the Bank"), the defendant below, petitions this Court to issue a writ of prohibition that precludes the trial court from exercising jurisdiction over the third amended complaint filed by the plaintiff below, respondent Steven Hayworth. Because the trial court was divested of case jurisdiction in the lower proceeding after the court's entry of a July 31, 2025 final summary judgment that fully adjudicated Hayworth's operative second amended complaint, we grant the petition.

## I.      RELEVANT FACTS AND PROCEDURAL HISTORY

Hayworth's operative second amended complaint alleged employment-related claims against the Bank that sounded in tort and contract.[1] Hayworth's claims stemmed from the circumstances surrounding his May 2012 resignation as president and chief executive officer of the Bank and the Bank's alleged failure to honor the severance provisions of his employment agreement.

On October 25, 2018, the trial court entered a non-final order dismissing, as premature, Hayworth's contract claims against the Bank.

---

[1] Hayworth's second amended complaint also alleged a negligence claim against the Bank's individual directors that Hayworth later voluntarily dismissed without prejudice. The Bank's directors, who are not parties to the instant appeal, have appealed Hayworth's voluntary dismissal in appellate case number 3D25-1681.

("Dismissal Order"). The dismissal was without prejudice to Hayworth amending his pleading to reallege the contract claims once Hayworth "obtained the appropriate federal regulatory agency approval" to pursue the claims.[2] The Dismissal Order struck from Hayworth's surviving tort claims all damages arising from his employment agreement.

Years passed without Hayworth obtaining the requisite federal regulatory agency approval that would permit him to amend his pleading to reallege his contract claims. Citing that failure, the Bank moved for summary judgment on Hayworth's surviving tort claims. Following a two-day hearing, the trial court entered a July 31, 2025 order that adjudicated Hayworth's tort claims in the Bank's favor and, noting Hayworth's continued inability to refile his contract claims, entered *final* summary judgment against Hayworth. This final summary judgment reserved jurisdiction *only* to consider any timely filed motions for attorney's fees and/or costs.

Hayworth did not file a Florida Rule of Civil Procedure 1.530 motion for rehearing. Nor did Hayworth appeal the July 31, 2025 final summary judgment. Instead, on August 20, 2025, Hayworth filed below an August 19, 2025 letter from the Federal Deposit Insurance Corporation that Hayworth

---

[2] The required federal regulatory agency approval concerned whether Hayworth's claimed severance was prohibited under federal law.

claimed constituted the requisite federal regulatory agency approval to refile his contract claims in this case. And, on August 22, 2025, Hayworth, without having sought to vacate the July 31, 2025 final summary judgment, filed a third amended complaint against the Bank that realleged his previously dismissed contract claims.

The Bank then moved to strike Hayworth's third amended complaint, claiming that the trial court lacked case jurisdiction to hear matters beyond the attorney's fees and costs issues expressly reserved in the July 31, 2025 final summary judgment. Following a November 13, 2025 hearing, the trial court entered an order denying the Bank's motion to strike Hayworth's third amended complaint "for the reasons stated on the record." The hearing transcript reflects that the trial court refused to strike Hayworth's third amended complaint "as a matter of fundamental fairness" because Hayworth had purportedly obtained the requisite federal regulatory agency approval contemplated by the Dismissal Order. The Bank now petitions this Court to issue a writ of prohibition precluding the trial court from conducting further proceedings on Hayworth's third amended complaint.

## II.    ANALYSIS

"The writ of prohibition is an extraordinary remedy that 'may only be granted when it is shown that a lower court is without jurisdiction or

4

attempting to act in excess of jurisdiction.'" Sentry Pub. Adjusting, LLC v. Captiva Lakes Condo. Ass'n, 389 So. 3d 561, 565 (Fla. 3d DCA 2023) (quoting English v. McCray, 348 So. 2d 293, 296 (Fla. 1977)). Here, as below, the Bank claims that the trial court acted in excess of its case jurisdiction[3] by permitting Hayworth to file the third amended complaint after the court entered the July 31, 2025 final summary judgment from which Hayworth failed to seek rehearing or appeal.  We agree.

Hayworth argues that, because the Dismissal Order expressly contemplated the filing of an amended complaint once he obtained federal regulatory approval, the trial court retained case jurisdiction to adjudicate his third amended complaint, notwithstanding the entry of the July 31, 2025 final summary judgment. But the Dismissal Order – like all orders that grant motions to dismiss with leave to amend – was a non-final, non-appealable order. "It is well-settled that interlocutory orders merge into the final judgment." Citizens Prop. Ins. Corp. v. All Ins. Restoration Servs., Inc., 365 So. 3d 434, 435 (Fla. 3d DCA 2023). This merger "extinighuish[es] the trial court's authority to enter further orders regarding the interlocutory matters."

---

[3] Case jurisdiction, which is also referred to as continuing jurisdiction or procedural jurisdiction, "refers to a trial court's jurisdiction to act in a case over which it has subject matter jurisdiction." JJJTB, Inc. v. Schmidt, 415 So. 3d 129, 132 (Fla. 2025).

5

Shlimbaum v. Shlimbaum, 394 So. 3d 1157, 1162 (Fla. 4th DCA 2024). The Dismissal Order merged into the July 31, 2025 final summary judgment, and the judgment terminated the trial court's case jurisdiction in this case beyond the judgment's reservation of jurisdiction to address attorney's fees and costs. See Mich Auto Sales Inc. v. 14004 NW 19th Ave., LLC, 347 So. 3d 438, 439-40 (Fla. 3d DCA 2022). Thus, we grant the Bank's petition for writ of prohibition, issue the writ, and direct the trial court to refrain from conducting further proceedings on Hayworth's unauthorized third amended complaint.[4,5]

---

[4] Here, as below, Hayworth brushes aside the merger doctrine in favor of arguing that, when the Bank moved for summary judgment on his pending tort claims, he did not receive proper notice that his contract claims were subject to dismissal with prejudice. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So. 2d 51, 54-55 (Fla. 3d DCA 1982). Because Hayworth failed to raise lack of notice in a timely rule 1.530 motion and, if necessary, in a plenary appeal from the July 31, 2025 final summary judgment, Hayworth waived the notice issue. See Carnival Corp. v. Sargeant, 690 So. 2d 660, 661-62 (Fla. 3d DCA 1997) ("[T]he order dismissing the complaint was a final appealable order. In order to avoid the consequences of the dismissal, the Respondents were obligated to timely seek rehearing, appeal or file a new lawsuit. They did none of these. As a result, the trial court did not have jurisdiction at the time it entered the order granting leave to amend the complaint.") (citations omitted).

[5] While we obviously express no opinion on the merits or validity of such a motion, we note that our issuance of the writ is without prejudice to Hayworth filing a timely Florida Rule of Civil Procedure 1.540(b) motion to vacate the July 31, 2025 final summary judgment.

Petition granted.